### MARY ROWLETT *v.* COMMONWEALTH.

[Abstract Kentucky Law Reporter, Vol. 3—694.]

**Criminal Law—Reversible Error.**

   While incompetent evidence can not always be entirely removed from the minds of a jury by an instruction attempting to withdraw it, still this court can not reverse a cause for any error unless it affirmatively appears that the error prejudiced the substantial rights of the accused.

**Evidence from Post-mortem Examination.**

   Medical practitioners, having made a post-mortem examination, are competent to give their opinions as to the probable effect of an injury which they describe to the jury as having been inflicted upon the deceased charged in a murder case to have been killed by the defendant.

### APPEAL FROM HART CIRCUIT COURT.

March 25, 1882.

OPINION BY JUDGE HINES:

The evidence in this case tends to show that appellant was a step-mother to the deceased, who was a child of tender years, and that the accused so cruelly beat and used the child that it died from the treatment thus inflicted.  The verdict and judgment was confinement in the penitentiary for life.

It is complained, first, that the indictment is too vague and uncertain as to the person charged with the crime.  We think there is nothing in this objection.  The apparent uncertainty arises from the fact that the name of the deceased and of appellant is the same, but as the accused is jointly indicted with her husband, Henry Rowlett, and wherever in the indictment the crime is charged the name of Henry Rowlett and of Mary Rowlett are combined as actors in the commission of the crime,

no one could be misled as to the persons charged with the crime or as to the identity of the deceased.

It is also complained that the court permitted evidence to go to the jury to the effect that the deceased was permitted to go insufficiently clad in inclement weather. It is insisted that such evidence was incompetent as against appellant, because the duty to clothe the child was on the husband, Henry Rowlett, and not on appellant. That is true, and if the evidence had gone to the jury unexplained there might be serious doubt whether the error would not be a cause of reversal, but appellant removed the sting from such evidence by having the court instruct the jury that the duty of clothing in a suitable manner was that of Henry Rowlett, the husband. It is true that the effect of incompetent evidence can not always be entirely removed from the minds of a jury by an instruction attempting to withdraw it, but as we can not reverse for any error unless it affirmatively appears that the error prejudiced the substantial rights of the accused, we will not reverse simply because there is a possibility that injury may have been done. The injury must be apparent and tangible.

It is further objected that the court erred in permitting the two witnesses who made a post-mortem examination of the deceased to give their opinion as to the cause of the death. The objection proceeds upon the idea that the evidence does not show that the witnesses are experts. We think the evidence sufficiently shows that they are medical practitioners, and therefore competent to give an opinion as to the probable effect of an injury which they describe to the jury. The evidence shows that one of the witnesses was sent for to treat the child while ill; that the witnesses are spoken of as doctors, and that they were called upon by the county authorities to make a post-mortem examination; that they made the examination by opening the skull, and that they found wounds on the outer portion of the skull and coagulated blood on the brain at points immediately opposite, and that the jaw was broken. This we think was sufficient to authorize the expression of an opinion as to what caused the death.

There is no evidence in the case to authorize an instruction

for involuntary manslaughter, and it was therefore proper not to give it.

Judgment *affirmed.*

*Woodson & Macy,* for appellant.

*P. W. Hardin,* for appellee.